IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARRY COLE, | § | |
| | § | 1:18-CR-333-DAE-1 |
| Petitioner, | § | 1:23-CV-01482-DAE |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| _____ | § | |

<u>ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER
28 U.S.C. § 2255, and (3) DENYING CERTIFICATE OF APPEALABILITY</u>

Before the Court is a Report and Recommendation (the "Report" or "Recommendation") on Petitioner Harry Cole's ("Cole") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. # 395), filed by United States Magistrate Judge Dustin M. Howell. (Dkt. # 450.) No objections to the report were filed. After reviewing the Report, the Court **ADOPTS** Judge Howell's recommendations in full, **DENIES** Cole's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. # 395) and **DENIES** Cole a Certificate of Appealability.

BACKGROUND

Cole pleaded guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, pursuant to a written plea agreement. (Dkt. # 450 at 1.) The scheme, orchestrated from Canada and targeting elderly individuals in the United States, involved fraudulent "sweepstakes" solicitations. (Dkt. # 412 at 1.) Cole was sentenced to 166 months of imprisonment and ordered to pay restitution and forfeit proceeds. (Dkt. # 450 at 2.) Cole appealed, and his appeal was dismissed as frivolous after his appointed appellate counsel filed an Anders brief. (Id.) The Supreme Court denied certiorari. (Id.) Cole then filed the instant § 2255 Motion asserting constitutional, jurisdictional, and ineffective assistance of counsel claims.

Judge Howell filed a Report and Recommendation on February 24, 2025. (Dkt. # 450). Cole did not file any objections.

DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful review, the Court finds no clear error in Judge Howell's recommendation. As a result, the Court adopts Judge's Howell's Report in full.

As an initial matter, Judge Howell did not err in concluding that Cole's claims that his guilty plea was unknowing and involuntary, that the Court lacked jurisdiction due to extraterritoriality and extradition treaty violations, and that his hearing before a magistrate judge violated Article III are all procedurally barred. (Dkt. # 450 at 6.) These claims were not raised on direct appeal, and Cole has not demonstrated cause or prejudice sufficient to excuse his procedural default. See USA v. Cole, No. 22-50142, Dkt. # 38 (raising issues relating to sentencing guidelines and arguing that Cole was not a leader in the alleged scheme, that certain mitigating factors require a downward sentence adjustment, and that Cole should receive compassionate release as a result of his medical conditions). Thus, Judge Howell correctly found that Cole's claims relating to his guilty-plea proceeding fail on procedural grounds.

Moreover, even if not procedurally barred, Judge Howell correctly concluded that these claims fail on the merits. (Dkt. # 450 at 6.) First, the plea colloquy transcript reflects a knowing and voluntary plea. (Id.) Accordingly, the Court finds no Rule 11 violation.

Second, the Court also had jurisdiction. Typically, a conspiracy statute such as 18 U.S.C. § 1349 applies extraterritorially if the underlying substantive offense does. See United States v. Lawrence, 727 F.3d 386, 395 (5th Cir. 2013) ("[C]ourts have inferred the extraterritorial reach of conspiracy statutes

on the basis of a finding that the underlying substantive statutes reach extraterritorial offenses.") (internal quotation marks omitted). Here, Judge Howell correctly concluded that the underlying substantive offense, a violation of 18 U.S.C. § 1341, which governs mail fraud, applied extraterritorially. (Dkt. # 450 at 16.) Cole and his conspirators used mail in furtherance of their sweepstakes scheme and the use of the mail was a core component of that scheme, making Cole's case a permissible application of § 1341. (Id.)

Additionally, Judge Howell correctly found that the record belies Cole's argument that his waiver of his right to plead before an Article III judge was not voluntary. (See Dkt. # 263) (consenting to administration of guilty plea and Rule 11 allocution by Magistrate Judge).

Cole's ineffective assistance of counsel claims likewise fail. Cole first argues that his counsel denied him effective representation by advising him to waive the right to plead before an Article III. However, Cole offers no evidence that his counsel improperly advised him regarding his choice to proceed before the Magistrate Judge—Cole himself certified that his waiver was made with the advice and consent of his attorney. (See Dkt. # 412-1 at 3.) Judge Howell correctly found Cole's counsel could not have raised any non-frivolous issue relating to Cole's voluntary consent to the Magistrate Judge for his guilty-plea proceeding. (Dkt. # 450 at 20.) Therefore, Judge Howell found, and the Court agrees, that the fact

that counsel did not raise this issue did not prejudice Cole.  (Id.)  Moreover, a district court may delegate to a magistrate judge the responsibility of conducting a felony guilty-plea proceeding.  28 U.S.C. § 636(b)(3); United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002) (holding that a magistrate judge may conduct a felony guilty-plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3)).  Thus, Judge Howell correctly concluded that Cole's ineffective-assistance-of-counsel claim cannot be supported on this ground.

      Moreover, Judge Howell correctly found Cole cannot demonstrate that he was prejudiced by his counsel's failure to object on the grounds that the Government prosecuted him under the wrong correct statute.  (Dkt. # 450 at 21.)  The Government properly exercised its discretion when it chose to prosecute Cole under 18 U.S.C. § 1349.  See Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).  Cole's argument that counsel improperly failed to object to the Magistrate Judge's report and recommendation as to Cole's guilty plea similarly fails.  (See Dkts. ## 395 at 39; 267.)  The Court agrees with Judge Howell's conclusion that counsel's failure to object on this point did not prejudice Cole, and therefore this argument cannot support his ineffective-assistance claim.  (Dkt. # 450 at 21.)

      Additionally, the Court finds no clear error in Judge Howell's remaining conclusions pertaining to Cole's ineffective assistance of counsel claims, as it relates to his trial counsel.  (See Dkt. # 450 at 21– 26.)  Judge Howell

5

correctly concluded Cole's proffered arguments failed to show that his trial counsel's representation fell below an objective standard of reasonableness.  See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

Finally, the Court finds that Judge Howell did not err in concluding that Cole's argument that his appellate counsel was ineffective because he "prematurely" filed an Anders brief is without merit.  (Dkt. # 450 at 27.)  As Judge Howell noted, contrary to Cole's assertions, appellate counsel's withdrawal complied with the requirements from Anders.  (Id.)

Accordingly, the Court adopts Judge Howell's recommendation to **DENY** Cole's § 2255 Motion.  (Dkt. # 450.)

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may only be issued if a movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  A movant is required to show that reasonable jurists could debate whether the issues could have been resolved differently or are "adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483 (2000).  In this case, reasonable jurists could not debate the denial of the Cole's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S.

322, 327 (2003). Accordingly, the Court **DENIES** Cole a Certificate of Appealability.

## CONCLUSION

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 450) as the opinion of the Court. Accordingly, the Court **DENIES** Cole's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Dkt. #395.) The Court **DENIES** a certificate of appealability in this case.

**IT IS SO ORDERED.**

**SIGNED:** Austin, Texas, April 23, 2025.

_____
Hon. David Alan Ezra
Senior U.S. District Judge